# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LEE K. WILDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18 C 8247 |
| v. | ) |
| | ) Judge John Z. Lee |
| THE PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA and CONAGRA | ) |
| FOODS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lee K. Wildy brought this lawsuit against his employer, ConAgra Foods, Inc. ("ConAgra"), and The Prudential Life Insurance Company of America ("Prudential"), alleging violations of § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), as well as negligent misrepresentation. ConAgra and Prudential have each moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the motions [12][28] are granted.

## Background[1]

Plaintiff began working for ConAgra in June 2015. Compl. at 2,[2] ECF No. 1-1. At that time, Plaintiff enrolled in an employee benefit plan ("the Plan") through ConAgra and elected to take out a $100,000 life insurance policy on his wife, Joyce Wildy. *Id.* Plaintiff alleges that he did not know the life insurance was provided through Prudential. *Id.* at 2–3.

---

[1] The following facts are taken from the amended complaint and are accepted as true at this stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (stating that, at the motion-to-dismiss stage, the court "accept[s] as true all well-pleaded facts alleged").

[2] Because the paragraphs of Plaintiff's complaint are not continuously numbered, the Court cites to the complaint using the CM/ECF page numbers at the top of each page.

Plaintiff states that, from June to September 2015, he paid the premium for the spousal life insurance policy through payroll deductions. *Id.* at 3–4. According to Plaintiff, ConAgra told him on July 8, 2015, that "the $100,000.00 spousal life insurance policy on Joyce Wildy was in place." *Id.* at 4.

Joyce Wildy passed away on September 23, 2015. *Id.* at 3. When Plaintiff notified Prudential of his wife's death, Prudential paid out only $20,000 for life insurance coverage. *Id.* This was because Prudential determined that Plaintiff had not provided any evidence of insurability as to Joyce Wildy. *Id.* at 4. Plaintiff alleges that he was not aware of the requirement to submit such evidence and that ConAgra never told him about it. *Id.* at 3–4.

In addition, Plaintiff alleges that, while appealing the benefits determination to Prudential, he was informed that ConAgra had told Prudential that it previously had not provided employees with "life insurance that required evidence of insurability." *Id.* at 4. Furthermore, Plaintiff states, ConAgra told Prudential that "their system did not adequately prompt to inform employees when evidence of insurability was required." *Id.* Accordingly, ConAgra "[took] steps to [e]nsure that this situation would not happen again." *Id.*

Plaintiff states that he has exhausted his internal appeals with Prudential. *Id.* at 3. Accordingly, he filed this action in the Circuit Court of Lasalle County on July 24, 2018. *Id.* at 2. Plaintiff seeks $80,000 in unpaid life insurance benefits under ERISA § 502(a)(1)(B) (Count I), as well as damages for negligent misrepresentation on the part of ConAgra (Count II). Defendants filed a notice of removal on December 17, 2018, invoking this Court's jurisdiction under 28 U.S.C. § 1441.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**Analysis**

**I.     ERISA Claim (Count I)**

Prudential and ConAgra (together, "Defendants") seek dismissal of Count I on the basis that Plaintiff is not entitled to additional benefits under the terms the Plan. Defendants argue that Plaintiff did not provide any evidence of insurability for his wife as required. For his part, Plaintiff does not dispute that he failed to provide evidence of insurability; however, he argues that Prudential's actions "amount to a waiver of the requirement to submit" such evidence, and that Defendants acted in bad faith. Pl.'s Resp. Opp. Prudential's Mot. Dismiss at 3, ECF No. 22.

In evaluating an ERISA claim, courts apply federal common-law principles of contract interpretation, beginning with the language of the plan at issue. *See Neuma, Inc. v. AMP, Inc.*, 259

F.3d 864, 873 (7th Cir. 2001). Here, the Plan states, in relevant part: "If you elect an amount of Dependents Term Life Coverage for your Spouse above the Non-medical Limit, you must give evidence of insurability for your Spouse satisfactory to Prudential before the part over the Limit can become effective." Prudential's Mem. Supp. Mot. Dismiss, Ex. B ("Employee Benefit Plan") at 7, ECF No. 13-2.[3] The Plan further states that the "Non-medical Limit" is $20,000. *Id.*

The language of the Plan unambiguously requires an employee to submit evidence of insurability for life-insurance coverage in excess of $20,000 to take effect. Indeed, Plaintiff does not dispute the language or meaning of the Plan. Rather, he contends that he should not be held to the terms of the Plan because Prudential has taken actions to "waive" the evidence-of-insurability requirement, and because Prudential has acted in bad faith. But these arguments rest largely on facts not contained in his complaint, which the Court may not consider. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "a complaint may not be amended by the briefs in opposition to a motion to dismiss").

What is more, even if Plaintiff had asserted his claims of waiver and bad-faith in the complaint, these theories are preempted by ERISA. ERISA preemption "knocks out any effort to use state law, including state common law, to obtain benefits under [an employee benefit] plan." *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.3d 126, 127 (7th Cir. 1992); *see also Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 640 (7th Cir. 2007) (stating that ERISA supersedes all state laws relating to any employee benefit plan); *Rud v. Liberty Life Assur. Co. of Boston*, 438 F.3d 772, 777–78 (7th Cir. 2006) ("A suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law remedies are preempted."). And the Seventh Circuit has

---

[3] The Court can consider the contents of the Plan at the motion-to-dismiss stage because the Plan is "referred to in the plaintiff's complaint" and is "central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quotation marks and citation omitted).

declined to recognize the applicability of certain common-law waiver principles in the ERISA context. *See Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 647–49 (7th Cir. 1993) (finding that ERISA preempted waiver theory where the plaintiff had not established detrimental reliance on the alleged misrepresentations or consideration for the alleged waiver). Here, because Plaintiff seeks benefits under the Plan as his remedy, his waiver and bad-faith theories cannot proceed.

In any event, the Court must enforce the Plan as written. "The statutory language" of ERISA "speaks of *enforcing* the terms of [a] plan, not of *changing* them." *CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011) (emphasis in original) (quotation marks and alterations omitted). ERISA does not "authorize[] a court to alter those terms," especially "where that change, akin to the reform of a contract, seems less like the simple enforcement of a contract as written and more like an equitable remedy." *Id.* The Plan required Plaintiff to fulfill certain conditions to obtain spousal life-insurance coverage. He did not do so, and his ERISA claim (Count I) must therefore be dismissed. *See Hedeen v. Aon Corp.*, No. 04 C 3360, 2004 WL 2434230, at *3 (N.D. Ill. Oct. 28, 2004) (dismissing ERISA claim where plaintiff failed to submit evidence of insurability). And as there is no set of facts that could cure the problem, the dismissal is with prejudice. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

## II.     Negligent Misrepresentation Claim (Count II)

In Count II, Plaintiff brings a claim for "negligent misrepresentation" against ConAgra. In his response to ConAgra's motion to dismiss, however, he concedes that such a cause of action is not recognized under Illinois law. He therefore attempts to re-cast his claim as one for estoppel.

In *Pearson v. Voith Paper Rolls, Inc.*, the Seventh Circuit recognized that while "[o]rdinarily, the written plan document governs ERISA plan administration," in "extreme circumstances," "[s]tatements or conduct by individuals implementing the plan may estop the

employer from enforcing a plan's written terms[.]" 656 F.3d 504, 509 (7th Cir. 2011). To the extent Plaintiff seeks to raise an ERISA estoppel claim, he has failed to sufficiently allege the elements of such a claim.

To state an estoppel claim in the ERISA context, a plaintiff must demonstrate "extreme circumstances," and must also show: "(1) a knowing misrepresentation; (2) made in writing; (3) reasonable reliance on that misrepresentation by the plaintiff; and (4) that the reliance was to the plaintiff's detriment." *Id.* Plaintiff's response briefs raise certain facts as to alleged misrepresentations made to him, but those facts are not set forth in his complaint. *See Car Carriers, Inc.*, 745 F.2d at 1107. What is more, Plaintiff has failed to allege facts indicative of "extreme circumstances." *Pearson*, 656 F.3d at 509.

In any event, as ConAgra points out, the Seventh Circuit has not recognized the availability of an ERISA estoppel claim in a situation involving a funded plan or multi-employer plan. *Id.* at 508 n.2. Rather, the Court of Appeals has only recognized the viability of such a claim in the context of an "unfunded single-employer welfare benefit plan[]," which is not at issue here. *Black v. TIC Inv. Corp.*, 900 F.2d 112, 115 (7th Cir. 1990). Accordingly, even if treated as a claim for estoppel, Count II must be dismissed with prejudice. *See Abu-Shawish*, 838 F.3d at 738.

## Conclusion

For the reasons stated herein, Defendants' motions to dismiss are granted. Civil case terminated.

**IT IS SO ORDERED.**                    **ENTERED:  8/26/19**

_____
**John Z. Lee**
**United States District Judge**

6